UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD NANAN,

      Petitioner,

v.                                      CASE NO. 6:11-cv-405-Orl-35GJK
                                         (6:09-cr-212-Orl-35GJK)

UNITED STATES OF AMERICA,

      Respondent.
_____

## **ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Richard Nanan, through counsel. The Government filed a response (Doc. No. 3) to the section 2255 motion in compliance with this Court's instructions.   Petitioner filed a reply the Government's response (Doc. No. 10).

Petitioner alleges one claim for relief: counsel rendered ineffective assistance by incorrectly advising him that a removal order could be cancelled despite his conviction for fraud involving more than $10,000.   For the following reasons, Petitioner's motion is denied.

### *I.   Procedural History*

Petitioner, along with others, was charged in a twenty-six count indictment with one count of conspiracy to commit mail fraud, wire fraud, and the manufacture and uttering of counterfeit private securities in violation of 18 U.S.C. §§ 371, 1341, 1343, and

513, respectively. (Criminal Case No. 6:09-cr-212-Orl-35GJK, Doc. No. 5).[1] Petitioner entered a plea of guilty pursuant to a plea agreement. *Id.* at Doc. No. 27. The Court accepted the plea and adjudicated Petitioner guilty. *Id.* Subsequently, Judge Sharp sentenced Petitioner to a twelve-month and one day term of imprisonment. *Id.* at Doc. No. 28. Judgment was entered on March 25, 2010. *Id.* at Doc. No. 28. The Court subsequently directed the Clerk of Court to reassign the case for all further proceedings, and the undersigned was assigned the case. *Id.* at Doc. No. 41. Petitioner did not appeal his conviction or sentence.

The Government subsequently filed a motion for downward departure pursuant to Rule 35 of the Federal Rules of Criminal Procedure. *Id.* at Doc. No. 81. The Court granted the motion and sentenced Petitioner to time served. *Id.* at Doc. No. 83.

## II. Legal Standard

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for

---

[1]Criminal Case No. 6:09-cr-212-Orl-35GJK will be referred to as "Criminal Case."

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### *III.    Analysis*

Petitioner asserts that counsel rendered ineffective assistance by incorrectly advising him he could cancel any removal order that might be entered as a result of his conviction. Petitioner contends that counsel advised him that he could prevent his

removal from the United States because his sentence was less than one year and he was married to a citizen of the United States with whom he had children. However, counsel's advice was erroneous because Petitioner's conviction involved fraud of more than $10,000. Thus, his conviction was an aggravated felony pursuant to the federal immigration statutes and prohibited cancellation of an order of removal. In support of his claim, Petitioner relies on *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010) (holding "counsel must inform her client whether his plea carries a risk of deportation").

*Padilla* was issued after Petitioner's conviction became final. The Government contends that Petitioner is not entitled to relief because *Padilla* is not retroactive and thus not applicable on collateral review. The Supreme Court of the United States recently held that Padilla is not retroactive to cases on collateral review. *See Chaidez v. United States*, ___ S. Ct. ___, 2013 WL 610201, *10 (2013). Thus, *Padilla* cannot be applied in the instant § 2255 proceeding to provide Petitioner collateral relief from his conviction.

Likewise, the Court notes that Petitioner has not demonstrated that he is entitled to relief pursuant to any case law from this circuit. In *Downs-Morgan v. United States*, 765 F. 2d 1534, 1540-41 (11th Cir. 1985), the Eleventh Circuit held that counsel's erroneous advice to his client concerning the risk of deportation by entering a guilty plea may constitute ineffective assistance if the defendant is subject to imprisonment or execution if he is deported and the "totality of the circumstances" demonstrate that the lawyer's performance was deficient. *See id.* at 1540 n.15 ("Nor do we suggest that an affirmative misrepresentation by counsel in response to a specific inquiry about the possibility of deportation or exclusion, without the additional factors of imprisonment and

execution, is sufficient to warrant collateral relief.").

In the instant case, Petitioner has not asserted that he would be subject to either imprisonment or death if he is deported to Trinidad and Tobago. Thus, unlike the defendant in *Downs–Morgan*, Petitioner has not alleged a risk of any type of persecution by the government of Trinidad and Tobago if he is deported. Moreover, in contrast to the defendant in *Downs-Morgan*, Petitioner has not made a colorable claim that he is innocent of the offense. Petitioner, therefore, has not established that he is entitled to relief pursuant to *Downs-Morgan*. Accordingly, Petitioner's claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:09-cr-212-Orl-35GJK and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 95) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of

a constitutional right.[2]    Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 7th day of March 2013.

/s/ Mary S. Scriven
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 3/7
Counsel of Record

---

[2] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States istrict Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.